35129. PROGRESSIVE LIFE INSURANCE COMPANY v. ANDERSON.

GARDNER, P. J. 1. W. L. Anderson (hereinafter called the plaintiff), alleging himself to be a duly licensed and registered architect in and for the State of Georgia, brought a petition alleging: (1) that the defendant, Progressive Life Insurance Company, is a corporation (and alleging the place of business of the defendant); (2) that the defendant was indebted to the plaintiff for the principal sum of $876.51 besides interest at 7 percent from a named date; that the sum due was the balance for professional services, as shown by an itemized statement of the account attached to the petition; (3) that the sum for which suit was brought was due and unpaid, and that the defendant refused to pay the same; (4) that the defendant is required to have and to produce upon the trial, the architectural plans and specifications prepared by the plaintiff for the proposed office building to be built on a lot in Macon, Georgia, forming the subject matter of the account; that the plan was turned over to the defendant by the plaintiff for that purpose; that the defendant be further required to have and to produce upon the trial of the case the check for $1,000 heretofore paid to the plaintiff on account of the services rendered in the matter. The statement attached as an exhibit, referred to above, is as follows: "William L. Anderson, Architect, Chamblee, Georgia." Then follows: "To professional services rendered for architectural services in connection with preparation of plans and specifications for office building at Macon, Georgia, based on contractor's bid in the amount of $46,912.90, which plans and specifications are in your possession, as follows: 4 percent of $46,912.90 . . . $1,876.51. Less amount paid . . . $1,000.00. Balance due . . . $876.51—Office Building, Macon, Georgia."

The defendant, Progressive Life Insurance Company, filed a general demurrer to the petition on the ground that it did not set forth a cause of action against the defendant, and did not allege any facts which would entitle the plaintiff to the relief for which he prays. The court overruled the general demurrer. On this judgment the defendant assigns error.

2. The defendant cites numerous decisions in an effort to sustain its position that the petition set out no cause of action, and that the demurrer should have been sustained. We see no benefit which could accrue by going into the cited decisions. We have set out substantially the petition and the general demurrer. We think the petition and the general demurrer in their allegations respectively speak for themselves in clear and unmistakable terms. In our view the court properly overruled the general demurrer. The judgment of the trial court in that regard is sustained.

3. The bill of exceptions was signed by the trial court on February 26, 1954. The transcript of the record was filed in the office of this court on March 4, 1954. Thereafter, on March 10, 1954, the plaintiff filed certain amendments to its original petition, changing and enlarging his original petition by adding certain allegations and by adding a second count. The trial court allowed the amendment and ordered that these proceedings be sent to this court as an addition to the original record. Counsel for both sides argue the question as to whether or not this

addition to the record makes the question raised on the general demurrer moot. We will not go into this question, since the judgment of the trial court on the demurrer is the law of the case until reversed. We are not reversing it, but we are affirming it.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED APRIL 23, 1954.

*Dennis F. Jones,* for plaintiff in error.
*Dunaway & Embry,* contra.